IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLIE SCOTT,**

      **Petitioner,**

  v.           CASE NO. 17-3062-JWL

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

      **Respondent.**

**MEMORANDUM AND ORDER**

  This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is a military prisoner designated for service of his sentence in the custody of the federal Bureau of Prisons ("BOP"). In this action, he alleges the U.S. Army and the BOP improperly calculated his sentence, failed to credit his sentence with earned abatement days and good conduct time, and failed to establish a mandatory parole date.

**Factual Background**

  Petitioner is serving a 40-year military sentence. *United States v. Scott*, 51 M.J. 326 (C.A.A.F. 1999). At sentencing, he was credited with 325 days for time spent in confinement prior to the court-martial proceedings.

  Petitioner began serving his sentence at the United States Disciplinary Barracks at Fort Leavenworth, Kansas ("USDB"), and was transferred to the BOP on September 15, 2000, upon the resolution of his military appeals.

While held at the USDB, petitioner appeared before the Disciplinary and Adjustment Board on multiple occasions for disciplinary violations. As a result of disciplinary decisions, he forfeited a total of 465 days of Statutory Good Conduct Time ("GCT").[1]

In 2005, petitioner sought the restoration of the forfeited time, and the Commandant, USDB, restored 30 days of GCT.[2]

Petitioner's military sentence is calculated annually. The most recent calculation, done on September 30, 2016, set his maximum release date at January 26, 2035, and his minimum release date at January 27, 2021.[3]

**Analysis**

The general habeas corpus statute, 28 U.S.C. § 2241, authorizes the federal courts to grant habeas corpus relief to a person held "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition under § 2241 challenges "the execution of a sentence rather than its validity and must be filed in the district where the petitioner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Under an interagency Memorandum of Agreement between the U.S. Army and the BOP[4], upon a military prisoner's transfer to the BOP, the USDB remains responsible for sentence computation and clemency action. The BOP is responsible for housing and parole actions.[5]

---

[1] *See* Doc. #11, Attach. 1, pp. 93-126.
[2] *Id.*
[3] *Id.*, p. 6.
[4] *See* Doc. #11, Attach. 4.
[5] *See* Doc. #11, Attach. 6, BOP Program Statement 5110.16, *Administration of Sentence for Military Inmates*, (Sep. 13, 2011).

**Sentence Calculation**

The calculation of a military sentence is governed by Army Regulation ("AR") 633-30, *Military Sentences to Confinement*[6]. The current version, dated March 28, 1989, was in effect at the time of petitioner's conviction.

A military sentence to confinement commences on the date the sentence is adjudged and runs continuously until the term expires. A military prisoner earns deductions, or abatements, from a sentence for good conduct, for participating in programming, and for employment while confined.[7]

Military prisoners sentenced after May 31, 1951, to a term of over 10 years earn 10 days of GCT per month.[8] This abatement is reviewed annually by the Army Corrections Command.

GCT may be forfeited if the prisoner violates institutional rules or commits an offense while confined. The forfeiture of GCT extends the prisoner's minimum release date by the number of days forfeited. Forfeited GCT may be restored by the commanding officer of the installation where the prisoner is held[9].

AR 633-30 defines the maximum release date on a military sentence as "[t]he day preceding the date determined by adding the full term of the sentence to the beginning date of the sentence."[10] Abatement time is applied to reduce the maximum release date.[11]

---

[6] *See* Doc. #11, Attach. 9, (full text of AR 633-30).
[7] *Id.*, Sect. I, GENERAL, Par. 6, *Abatements*.
[8] *Id.*, Sect. III, SENTENCES ADJUDGED ON OR AFTER 31 MAY 1951, Par. 13. *Rate of abatement for good conduct*.
[9] *Id.*, Sect. I, Par. 7, *Forfeiture of abatements*.
[10] *Id.*, par. 2c.
[11] *Id.*, par. 4a.

Petitioner's 40-year sentence began on December 18, 1995.[12] He was awarded 325 days for time spent in pretrial confinement, and his original maximum release date was calculated as January 26, 2035, 40 years less 325 days. Petitioner also was credited with the entire amount of GCT he could earn during his sentence, 4800 days, resulting in a minimum release date of December 5, 2021.

Due to petitioner's disciplinary infractions, he forfeited 465 days of GCT; as noted, 30 days of that time was restored. Although petitioner challenges this forfeiture, arguing broadly that he was improperly disciplined[13], the records in this matter show adverse disciplinary findings on eleven occasions. In May 2016, in response to a second request for restoration of forfeited GCT, the Department of the Army advised petitioner of the proper procedure for that request and provided a detailed description of the forfeitures imposed.[14] There is no evidence that petitioner has obtained any additional restoration of forfeited GCT, and the Court finds no error in the adjustment based upon the 435 days of forfeited GCT.

**Abatement Days for Work**

Each type of military abatement credit is calculated separately. GCT credit is automatically applied to a prisoner's sentence, unless it is forfeited; however, credit for working while incarcerated is dependent upon the prisoner's authorization to maintain a qualifying

---

[12] The most recent calculation of petitioner's sentence appears at Doc. #11, Attach. 1, p. 6. The Expiration Table Numbers shown are taken from Tables appended to the current version of AR 633-30/AFR 125-30. The relevant tables appear as attachments to this Memorandum and Order.
[13] Petitioner's institutional disciplinary history also was addressed in an earlier habeas corpus action in which he challenged action by the U.S. Parole Commission. *Scott v. Eiechenlaub*, 2011 WL 834004 at *4 (N.D. Fla. Mar. 4, 2011).
[14] *See* Doc. #11, Attach. 1, pp. 93-126 and pp. 135-136.

position[15].

AR 633-60 allows a military prisoner confined in a disciplinary barracks to earn extra good time for employment in industries, work projects, or other activities or assignments. A military prisoner held in a federal penal institution may earn extra good time at the rate and conditions established by the United States Department of Justice. Extra good time credits reduce the period of confinement on an actual day basis.[16] This abatement is calculated by a review of the number of days a prisoner has worked in an approved job during confinement. The maximum number of days available is 5 days per month.

Petitioner has earned 747 abatement days by working in an approved job during his confinement.[17] Contrary to his argument, the sentence calculation sheet shows that this abatement was applied in the September 2016 sentence calculation.[18] The Court finds no error in the application of abatement credit.

## Mandatory Parole Release

Petitioner argues that "[a]s a military prisoner" he is "entitled to a two-thirds mandatory release date."[19] Due to petitioner's transfer to the custody of the BOP, parole determinations concerning his case are made by the U.S. Parole Commission under its policies and procedures. AR 15-1370 provides that "[p]risoners transferred to Federal facilities are under the control of the U.S. Parole Commission unless otherwise designated in writing. As such, Federal and Commission policies and procedures apply, not those of this

---

[15] Doc. #11, Attach. 9, AR 633-30, par. 2a(2)(defining "extra good time").
[16] *See* Doc. #11, Attach. 9, p. 6, par. 6b.
[17] Doc. #11, Attach. 1, p. 6.
[18] *Id.*
[19] Doc. #2, p. 1.

regulation."[20]

Accordingly, the U.S. Parole Commission will determine petitioner's eligibility and suitability for parole. Finally, as respondent notes, this argument is premature because petitioner has not yet served two-thirds of his 40-year term.

### Conclusion

After careful review of the record, the Court finds no ground for habeas corpus relief. The calculation of petitioner's sentence is supported by the record, and his claim concerning a two-thirds parole date is premature and subject to determination by the U.S. Parole Commission.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

**IT IS SO ORDERED.**

DATED: This 3rd day of August, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
U.S. District Judge

---

[20] Doc. #11, Attach. 10, AR 15-1370, par. 3-e1(9).