# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLIE SCOTT,**

        Petitioner,

    v.                              CASE NO. 17-3062-JWL

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

        Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner's Motion for Reconsideration and Notice of Intent to Appeal (Doc. #15).

**Background**

Petitioner is a military prisoner now incarcerated in the custody of the federal Bureau of Prisons (BOP). He filed this petition for habeas corpus under 28 U.S.C. § 2241 challenging the calculation of his sentence and the failure to establish a mandatory parole date.

On August 3, 2017, the Court issued a Memorandum and Order denying the petition for habeas corpus (Doc. #13). The Court found that petitioner's sentence was properly calculated under Army Regulation (AR) 633-60 and that due to petitioner's transfer to the custody of the BOP, determinations concerning his parole would be determined by the U.S. Parole Commission under its policies and procedures.

In his motion for reconsideration, petitioner seeks a court order to explain the difference between the projected release date calculated by the government and the date he calculated. (Doc. #15, p. 1).

**Discussion**

A party subject to an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend must be filed within twenty-eight days after the judgment is entered. *See* Fed.R.Civ.P. 59(e). The Court construes petitioner's motion as a timely motion to alter or amend.

The grounds warranting relief under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence that was previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

The petitioner seeks an explanation for the discrepancy between the projected minimum release date calculated by military authorities, December 5, 2021, and the projected minimum release date petitioner himself has calculated, "on or about July 9, or 10, 2020" (Doc. #12, Attach. 1, Ex. A.)

The Court has examined the record and finds the petitioner erred in calculating his 40-year sentence by multiplying the number of years by 360 days, a figure yielding a total of 14,400 days to be served. *Id.*

Under AR 633-30, a military prisoner's sentence is calculated using a Table of Consecutive Days, which is developed "taking into consideration the varying number of days in each month, including leap years." (Doc. #11, Attach. 9, AR 633-30, Section IV, TABLE OF

CONSECUTIVE DAYS, par. 15, Use of Table.)[1].

Accordingly, the September 9, 2016, sentence computation prepared for petitioner begins on December 18, 1995, the date sentence was adjudged, and assigns the corresponding Expiration Table Number 19345.[2] The actual number of days occurring in a 40-year term, rather than the 360-day year used by petitioner, is added to establish the length of the sentence. Here, the sentence computation sheet assigns the Expiration Table Number 33955[3], a span of 14610 days, or 40 years multiplied by 365.25 days. From that figure, adjustments are made to the sentence to reflect earned good conduct time, other abatement credit, and forfeitures. Petitioner does not contest those adjustments, and they do not require additional discussion.

The Court finds no reason to alter or amend the judgment and will deny the motion. Petitioner's motion states that in the alternative, he gives notice of his intent to appeal. (Doc. #15, p. 2.) The Court advises petitioner that Federal Rules of Appellate Procedure require the filing of a notice of appeal and address the required contents. *See* Fed.R.App.P. 3. In addition, petitioner should submit either the appellate filing fee of $505.00 or a motion for leave to proceed in forma pauperis to the clerk of the court.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. #15) is construed as a motion to alter or amend and is denied.

---

[1] The Court notes that at least one portion of AR 633-30, Section II, SENTENCES ADJUDGED PRIOR TO 31 MAY 1951, par. 12, *Method of Computation*, states that in converting the amount of good conduct time a military prisoner can earn, "years are assumed to consist of 360 days and months of 30 days." *Id.*, p. 6. That calculation, however, is distinct from the calculation of a sentence.
[2] A copy of the relevant expiration table was attached to the Court's Memorandum and Order (Doc. #13, Attach. p. 1.)
[3] *See id.* at p. 2.

**IT IS SO ORDERED.**

DATED:  This 16th  day of August, 2017, at Kansas City, Kansas.

                                            s/ John W. Lungstrum

                                            JOHN W. LUNGSTRUM
                                            U.S. District Judge